# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**KATHY J. OVERLUND**,

    Plaintiff,

  v.

**NANCY A. BERRYHILL,** Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security,

    Defendant.

Case No. 6:15-cv-1670-SI

**ORDER**

On March 27, 2017, the Court remanded this case for further proceedings. On April 26, 2012, the Court ordered attorney fees be paid pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $6,808. Plaintiff's counsel now moves for attorney's fees of $11,992.25 pursuant to 42 U.S.C. § 406(b). ECF 33. This figure represents 25 percent of Plaintiff's retroactive benefits. Plaintiff's counsel requests an additional payment from Plaintiff of $5,184.25, which represents the requested $11,992.25 less the EAJA fees of $6,808 already received. Although Defendant does not object to the proposed award, this court must perform an independent review to ensure that the award is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security disability insurance claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). Counsel requesting the fee bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. The attorney's fee award is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. *Gisbrecht*, 535 U.S. at 802.

A court reviewing a request for attorney's fees under § 406(b) "must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (*quoting Gisbrecht*, 535 U.S. at 793, 808). Contingent fee agreements that fail to "yield reasonable results in particular cases" may, however, be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the reasonableness of the requested attorney's fees, but courts may consider the character of the representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See Id.* at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has instructed against using the lodestar method to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its analysis by reviewing the contingency fee agreement signed by Plaintiff and her counsel. ECF 34-3. Plaintiff agreed to pay attorney's fees not to exceed 25 percent of the back benefits awarded.

The Court next considers the reasonableness factors and finds no basis for a downward departure. Plaintiff's counsel is from a reputable and experienced law firm, and there were no issues with the character of the representation. Plaintiff's counsel did request two extensions of time, totaling approximately two and one-half months, before filing Plaintiff's opening brief. The rationale for the dilatoriness factor, however, is to avoid a situation where an attorney inappropriately delays proceedings in order to profit from the accumulation of back-benefits incurred while the case is pending. *See Gisbrecht*, 535 U.S. at 808. There is no evidence of such tactics here. Further, the Court finds that the delay in this case was not excessive for social security cases. *See e.g., Rundell-Princehouse v. Astrue*, 2012 WL 7188852, at *2 (D. Or. Aug. 21, 2012) (delay of approximately three months not excessive); *Abed v. Astrue*, 2011 WL 5025882, at *6 (D. Or. Oct. 21, 2011) (same); *Pennington v. Comm'r*, 2010 WL 3491522, at *3 (D. Or. July 29, 2010) (same). Plaintiff's counsel also obtained a favorable result; a remand and, ultimately, a finding for benefits, which supports the requested fee award.

Finally, the Court finds no basis for a downward adjustment in considering whether the fees requested are in proportion to the time spent. The Court considers the hours spent and a lodestar calculation to aid in this determination. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1148. In performing this type of review, courts typically consider counsel's non-contingent hourly rate, factoring in a multiplier to take into account the risk factor of a contingency case. *See, e.g., Ellick v. Barnhart*, 445 F.Supp.2d 1166, 1172-73 (C.D. Cal. 2006) (2.5 multiplier); *Ogle v. Barnhart,* 92 Soc.Sec.Rep.Serv. 938, 2003 WL 22956419 *5-6 (D.

Maine 2003) (same). Here, Plaintiff's counsel spent 37.9 hours working on Plaintiff's case. Thus, the requested fee results in a *de facto* hourly rate of $316.42. This is below many *de facto* hourly rates approved in this Court for social security cases. *See, e.g., Quinnin v. Comm'r*, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (approving *de facto* hourly rate of $1,240 for attorney time); *Ali v. Comm'r*, 2013 WL 3819867 (D. Or. July 21, 2013) (approving *de facto* hourly rate of $1,000).

## CONCLUSION

Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (ECF 33) is GRANTED. Plaintiff's counsel is awarded $11,992.25 in § 406(b) fees, representing 25 percent of Plaintiff's retroactive benefits recovery. After subtracting the $6,808 EAJA fee award previously granted to counsel, the additional fee award is $5,184.25, less any applicable administrative assessment as allowed by statute. The Commissioner shall pay fees in that amount to Plaintiff's counsel out of the sum withheld by the Commissioner from Plaintiff's benefits and shall pay to Plaintiff any remaining amounts.

**IT IS SO ORDERED.**

DATED this 20th day of August, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge